# IN THE UNITED STATES DISTRICT COURT OF THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**VIRAH CORPORATION,**

    **Plaintiff,**

**v.**                                           **No. 3:10-1240**
                                                  **Judge Haynes/Bryant**

**EVANSTON INSURANCE COMPANY,**      **JURY DEMANDED**

    **Defendant.**

## INITIAL CASE MANAGEMENT ORDER

    I. **Jurisdiction and Venue:**

The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. The parties further agree that Venue is proper in the Middle District of Tennessee.

II.   **Parties' Theories of the Case**

    **A. Plaintiff's Theory of the Case**

The Plaintiff entered into a contract with Defendant to have Defendant insure Plaintiff's premises located at 99 Spring Street, Nashville, Tennessee, known as Knights Inn. The Defendant agreed to insure said premises against property damage, i.e. water damage. On or about January 29, 2010, portions of the Plaintiff's premises and contents were damaged as a result of covered causes of loss. Although the Plaintiff timely reported the loss to Defendant and fulfilled all of the duties after the loss that were imposed upon it by the insurance policy to the satisfaction of Defendant, Defendant still wrongfully denied the Plaintiff's claim for insurance

proceeds even though the damage to the Plaintiff's premises is the result of a covered cause of loss.

Defendant's refusal to pay the Plaintiff amounts owed to it as a result of the loss is without justification and constitutes a breach of contract. In addition, Defendant has engaged in unfair deceptive acts or practices that violate the Tennessee Consumer Protection Act, as codified at Tenn. Code Ann. § 47-18-101, *et seq*. Defendant's unfair and deceptive acts or practices are in violation of Tenn. Code Ann. § 47-18-104(a)-(b).

### B. Defendant's Theory of the Case

Evanston Insurance Company's investigation of this matter is still ongoing and incomplete; however, Evanston generally denies liability under the theories stated in the Complaint. Based on the initial investigation, it appears that the loss complained of was not a covered loss under the terms of the policy. Instead, Plaintiff allowed the structure at issue to deteriorate which was the ultimate cause of the loss. Plaintiff's failure to maintain the structure does not constitute a compensable loss.

## III.    Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclousure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference. Therefore, the parties' initial disclosures will be due on or before **April 7, 2011.**

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel

and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the partied in resolving this matter.

    **C. Discovery**

As determined at the case management conference, this action is set for a jury trial on July 17, 2012 at 9:00 a.m. If this action is to be settled, the Law Clerk shall be notified by noon on July 13, 2012. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pre-trial conference shall be held June 29, 2012 at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

The parties have yet to meet and confer as required by Fed. R. Civ. P. 26(f). However, the parties agree to submit a discovery plan for the Court's approval within forty-five (45) days of the case management conference.

All discovery shall be completed by the close of business on **January 9, 2012**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **December 8, 2011**. All discovery related motions shall be filed by the close of business on

**January 19, 2012**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and <u>Daubert</u> motions shall be filed by the close of business on **February 29, 2012**, and any response thereto shall be filed by the close of business on **March 29, 2012**. Any reply shall be filed by the close of business on **April 13, 2012**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By close of business on **October 11, 2011**, the plaintiff shall declare to the defendant (<u>not</u> to file with the Court) the identity of his expert witnesses and provide all the information specified in rule 26(a)(2)(B).

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

By close of business on **November 8, 2011**, the defendant shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **December 7, 2011**. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to the expert's direct examination testimony at trial. If any expert expects to expound his or her testimony beyond wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of the expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

*s/ John S. Bryant*
JOHN S. BRYANT
United States Magistrate Judge

APPROVED FOR ENTRY:

**GILBERT RUSSELL MCWHERTER PLC**

s/ J. Brandon McWherter
J. Brandon McWherter (No. 21600)
Chad A. Naffziger (No. 26880)
*Attorneys for the Plaintiff*
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
bmcwherter@gilbertfirm.com
cnaffziger@gilbertfirm.com

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ P.C.**

s/John S. Hicks w/permission by Brandon McWherter
John S. Hicks (No. 010478)
William A. Lewis (No. 027377)
*Attorneys for Defendant*
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: 615-726-7337
Facsimile: 615-744-7337